IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL J. PATTERSON,**

     **Plaintiff,**

v.

              CIVIL ACTION

              No. 10-2687-CM-DJW

**PARK UNIVERSITY, et al.,**

     **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 3) and Plaintiff's Motion to Appoint Counsel (ECF No. 4).

**I. Motion for Leave to Proceed *In Forma Pauperis***

Section 1915(a) of Title 28 of the United States Code sets forth the circumstances under which an individual is allowed to bring proceedings *in forma pauperis*. It provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefor."[1] This Court therefore requires that the party seeking to proceed *in forma pauperis* submit a financial affidavit in support of his/her motion.

Plaintiff has included such an affidavit with his motion. The affidavit, however, is incomplete in several respects. First, Plaintiff has failed to complete Section I (entitled "Personal

---

[1] 28 U.S.C. § 1915(a).

Data and Marital Status") and Section II (entitled "Employment"). In addition, Plaintiff has failed to complete those portions of Section III (entitled "Financial Status") that relate to the ownership of real property and automobiles. Plaintiff has also failed to complete Subsection D of Section IV (entitled "Obligations").

In light of Plaintiff's incomplete financial affidavit, the Court is unable to determine whether Plaintiff is able to pay the filing fee. The Court must therefore deny Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* at this time. Said denial will be without prejudice to Plaintiff re-filing a motion with the completed financial affidavit. The Court encloses with this Order a blank "Application for Leave to File Action Without Payment of Fees," which includes a form financial affidavit. Plaintiff shall file any renewed Motion for Leave to Proceed *In Forma Pauperis* within **fourteen (14) days** of the date of this Order.

## II. Motion to Appoint Counsel

Plaintiff has also filed a motion seeking the appointment of counsel (ECF No. 4). Unlike in a criminal case, a party has no constitutional right to appointment of counsel in a civil case.[2] The court may, however, in its discretion, appoint counsel in a civil action to represent a person proceeding *in forma pauperis* under 28 U.S.C. § 1915(e).[3] The appointment of counsel under 28 U.S.C. § 1915(e) is a matter within the sound discretion of the district court.[4] In determining whether to appoint counsel under the *in forma pauperis* statute, the district court may consider a

---

[2]*Durre v. Dempsey*, 869 F .2d 543, 547 (10th Cir. 1989).

[3]*See* 28 U.S.C. § 1915(e) ("[t]he court may request an attorney to represent any person unable to afford counsel."). The Court has granted Plaintiff leave to proceed *in forma pauperis*. *See* Jan. 7, 2009 Order (doc. 5).

[4]*Miller v. Glanz*, 948 F.2d 1562, 1572 (10th Cir. 1991).

2

variety of factors, including (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his/her claims, and (4) the complexity of the legal issues raised by the claims.[5] The court will also consider whether the plaintiff has made a diligent attempt to secure counsel through his/her own efforts.[6] The appointment of counsel under 28 U.S.C. § 1915(e) is appropriate only where the plaintiff is unable to retain counsel through his or her own efforts.

As discussed above, the financial affidavit Plaintiff has filed is incomplete. The Court is therefore unable to determine whether Plaintiff should be granted leave to proceed *in forma pauperis* and, thus, allowed to seek appointment of counsel under the *in forma pauperis* statute. Even if Plaintiff were to file a completed financial affidavit and the Court were to grant him *in forma pauperis* status, the Court would decline to appoint counsel, because the minimal allegations raised in Plaintiff's Complaint do not permit a finding that Plaintiff's claims have sufficient merit to warrant the appointment of counsel.

The *in forma pauperis* statute does not provide a mechanism for compensating appointed counsel. As the Tenth Circuit has noted, "[t]he indiscriminate appointment of volunteer counsel to undeserving claims . . . waste[s] precious resources and may discourage attorneys from donating their time."[7] Furthermore, this Court has a limited pool of volunteer attorneys and is simply unable to grant requests for counsel in every case. Finally, Plaintiff's motion does not indicate that he has

---

[5]*Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (citing *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir.1981)).

[6]*Cooper v. A. Sargenti Co., Inc*., 877 F.2d 170, 172 (2d Cir. 1989). *See also Castner v. Colorado Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (applying rule in employment discrimination case).

[7]*Castner,* 979 F.2d at 421.

contacted any attorneys regrading representation. Plaintiff therefore fails to show that he has made a diligent attempt to secure counsel through his own efforts.

For these various reasons, the Court must deny Plaintiff's Motion to Appoint Counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 3) is denied without prejudice to the refiling of another motion that is accompanied by a <u>complete</u> financial affidavit. Plaintiff shall file any renewed Motion for Leave to Proceed *In Forma Pauperis* and completed financial affidavit within **<u>fourteen (14) days</u>** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 4) is denied..

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 6th day of January 2011.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: Plaintiff

Encl.: Application for Leave to File Action Without Payment of Fees